# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LORIE TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT COLLECTION SERVICES, INC.,<br><br>    Defendant. | Case No. 5:20-cv-01162 |

## COMPLAINT

**NOW COMES** Plaintiff, LORIE TAYLOR, by and through her undersigned counsel, complaining of Defendant, CREDIT COLLECTION SERVICES, INC., as follows:

## NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. LORIE TAYLOR ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Seabrook, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. CREDIT COLLECTION SERVICES, INC. ("Defendant") is a debt collection firm that advertises itself as "one of the nation's largest and most respected collection firms."

7. Defendant maintains a principal place of business at 725 Canon Street, Norwood, MA 02062.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

9. At some point in time, Plaintiff opened an account with Frontier Communications, Inc. for telecommunication services.

10. Due to financial difficultly, Plaintiff fell behind on her payments to Frontier Communications, Inc. ("subject debt").

11. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. The subject debt was eventually placed with Defendant for collection.

13. On August 22, 2020, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

14. Defendant's Letter depicted, in pertinent part, as follows:



15. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. Defendant's Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

17. Specifically, Defendant's Letter identified "Frontier Communications, Inc." as the "Original Creditor" but did not identify the **current creditor.**

18. Defendant's Letter confused Plaintiff as she was unable to determine if the original creditor, Frontier Communications, Inc., was also the current creditor. In other words, just because Frontier Communications, Inc. was the original creditor does not necessarily mean that it is also the **current creditor.**

19.     Further obfuscating the identity of the **current creditor**, Defendant's Letter requested that payment be made directly to Defendant, and not the original creditor, Frontier Communications, Inc.

20.     Defendant's Letter was additionally confusing because it did not conspicuously identify Frontier Communications, Inc. as Defendant's "client," thus further obscuring the identity of the **current creditor.**

21.     Accordingly, Plaintiff was deprived of her right to receive critical information required by the FDCPA.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

22.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

23.     Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)     the amount of the debt;

    (2)     **the name of the creditor to whom the debt is owed**;

    (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is

>   disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

24. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

25. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA

26. Specifically, Defendant violated §1692g(a)(2) by failing to identify the **current creditor** to whom the debt is owed.

27. Assuming that Frontier Communications, Inc. is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.,* 948 F.3d 761, 765 (7th Cir. 2020).

28. As pled above, Plaintiff was confused by Defendant's Letter. Plaintiff's confusion impacted her decision to pay the subject debt and thus Defendant's omission was material.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692g(a)(2);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of attorney's fees and costs; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 30, 2020                           Respectfully submitted,

**LORIE TAYLOR**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com