# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LORIE TAYLOR, | |
| Plaintiff, | Case No.: 5:20-cv-01162-JKP-RBF |
| v. | |
| CREDIT CONTROL SERVICES, INC., | |
| Defendant. | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. **What is the basis for subject-matter jurisdiction? Are there any outstanding jurisdictional issues? For cases premised on diversity jurisdiction, provide the citizenship of each party and explain whether or not the parties agree that the amount in controversy exceeds $75,000. For removal cases, explain whether the parties agree that the amount in controversy exceeded $75,000 at the time of removal. If there is any disagreement on these issues, each party should state its respective position.**

   Subject-matter jurisdiction exists as Plaintiff has filed a claim against Defendant for violation of the Fair Debt Collection Practices Act and thus pursuant to 28 U.S.C. § 1331, this court has subject matter jurisdiction.

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should any unserved parties be dismissed?**

   NONE.

3. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiff has brought claims against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq. Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA. Specifically, Defendant violated §1692g(a)(2) by failing to identify the current creditor to whom the debt is owed. Plaintiff must prove that Defendant did not adequately provide Plaintiff with the disclosure, pursuant to least-sophisticated consumer standard, to whom the debt is owed.

Defendant denies the substantive allegations in Plaintiff's Complaint. Defenses to Plaintiff's allegations includes failure to state a claim upon which relief may be granted, failure to show any violation of the FDCPA and therefore Plaintiff is not entitled to recovery any damages under the FDCPA. Specifically, Defendant did not violate §1692(g)(a)(2) because Defendant identified the Creditor to whom the debt was owed.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties can stipulate to the following: . Defendant, at times, engages in the practice of collecting debts owed to others.. Defendant sent Plaintiff a collection letter that was referenced in paragraph 14 of the Amended Complaint.

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

The parties are in agreement to provide initial disclosures on or before April 14, 2021.. Plaintiff and Defendant do not anticipate any discovery disputes and or disputes regarding testimony of any parties and or disclosures of witnesses.

6. **What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

The parties held an initial discussion regarding the merits. The parties have not conducted any discovery. Full discovery of all relevant documents and information remains. The parties have elected to not conduct discovery in phases.

7. **If a Rule 30(b)(6) deposition is anticipated, have the parties discussed potential topics for the deposition?**

   A Rule 30(b)(6) deposition is anticipated. The parties have not discussed specific topics for the deposition.

8. **What, if any, discovery disputes exist or are anticipated?**

   The parties do not anticipate any discovery disputes.

9. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

   The parties have not discussed the filing of a proposed order pursuant to Federal Rule of Evidence 502.

10. **Have the parties discussed mediation? Is this a case that could be mediated early and effectively with limited discovery? If so, what discovery is essential to any early mediation and how could it be structured to streamline an early mediation?**

    The parties have not discussed mediation. Currently, mediation would not be productive until discovery can be completed. Plaintiff believes that all interrogatories, request for production and request to admit must be completed before mediation would be effective.

|  |  |
|---|---|
| Dated: March 15, 2021 | Respectfully submitted, |
| */s/ Mohammed O. Badwan*<br>Mohammed O. Badwan, Esq.<br>SULAIMAN LAW GROUP, LTD.<br>2500 South Highland Avenue | */s/ Robert L. Horn*<br>Robert L. Horn – Attorney in Charge<br>Texas Bar No. 24046107<br>Federal Bar No. 602230 |

| | |
|---|---|
| Suite 200 | 1900 West Loop South, Suite 1000 |
| Lombard, Illinois 60148 | Houston, Texas 77027 |
| +1 630-575-8180 | Direct: (713) 490-4851 |
| mbadwan@sulaimanlaw.com | Facsimile: (713) 961-3938 |
| *Attorney for Plaintiff* | E-mail: rhorn@grsm.com |

## **CERTIFICATE OF SERVICE**

I, Mohammed O. Badwan, an attorney, certify that on March 15, 2021, the foregoing document was filed electronically using the Court's CM/ECF system, which will accomplish service on all counsel of record.

/s/ *Mohammed O. Badwan*